IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:09-cv-266-GCM

| | | |
|---|---|---|
| FC SUMMERS WALK, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TOWN OF DAVIDSON, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss. For reasons given below, the Motion is hereby DENIED.

## BACKGROUND

This action arises out of The Town of Davidson's ("Defendant") application of its Adequate Public Facilities Ordinance ("Davidson APFO") to a residential subdivision being developed by FC Summers Walk, LLC. ("Plaintiff"). Plaintiff alleges that the Davidson APFO violated the Plaintiff's Federal and North Carolina constitutional rights.

The Davidson APFO sets adequate levels for public facilities and services, including law enforcement, fire protection, and parks. The APFO provides the following metrics: (1) there must be one law enforcement service unit ("LESU") per 400 dwellings in the impact area; (2) fire protection facilities—measured by the number of apparatuses within the impact area—must meet an ISO rating of 6; and (3) there must be one community park per 500 dwellings in the impact area.

1

Pursuant to the APFO, a developer submits an application to the Town of Davidson's Planning Director ("Planning Director"). The Planning Director then makes a preliminary finding, including the following: the timing and phasing for the development, the impact on public facilities, and recommended actions for the developer. The Planning Director then recommends whether the application should be conditionally approved or denied by Davidson's Board of Commissioners ("Town Board"). After completing the preliminary finding, the Planning Director makes a written determination. It is unclear whether the written determination must then be submitted to the Town Board.

Plaintiff submitted an application to the Planning Director, who in turn issued four determinations: one in 2005, one in 2006, one in 2007, and a "final determination" in 2008. It was determined that the Plaintiff's development would adversely impact law enforcement, fire protection, and community parks. The determinations informed the Plaintiff of its options to either wait or pay, and it outlined the costs for the Plaintiff's *pro rata* share of the advancement of the impacted public facilities. The Planning Director did not calculate the impact and *pro rata* cost using the APFO metrics: the Director required one LESU per 200 dwellings, as opposed to 400; and the cost of advancing fire protection facilities was based on a new fire station rather than apparatuses—defined by the APFO as pumpers and tankers.

Only the 2005 determination was approved by the Town Board. The 2008, determination purports to be a "final determination" that supersedes previous determinations, but it has not been approved by the Town Board.

Plaintiff alleges that its employee objected to the 2005 determination, but Plaintiff chose not to appeal based upon a belief that it was not a "final determination." (Pl. Mem. 6.) Plaintiff subsequently appealed the 2006 and 2007 determinations, but did not appeal the 2008 "final

determination." The Davison Board of Adjustment denied the appeals as untimely, and did not hear evidence. Plaintiff then appealed to the Mecklenburg County Superior court, which affirmed the Board of Adjustment's decision.

Plaintiff posted bonds to cover the *pro rata* advancement fees provided in the 2005 and 2006 determinations. Defendant has demanded payment of the *pro rata* fees set out in the 2005 determination and has threatened to call the bonds if Plaintiff does not pay.

**STANDARD OF REVIEW**

When a court rules on a motion to dismiss, all well-pleaded allegations are accepted as true, and reasonable inferences are drawn in favor of the plaintiff. *Edwards v. Coty of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). When the allegations in a complaint do not "raise a claim of entitlement to relief," a court will dismiss the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007).

**DISCUSSION**

I.  Exhaustion of Administrative Remedies

At this preliminary stage, it is unclear whether the Plaintiff failed to exhaust its administrative remedies. A plaintiff must exhaust its administrative remedies before seeking relief from a federal district court. *See Fourth Quarter Properties IV, Inc. v. City of Concord, N.C.*, 127 Fed. Appx. 648, 654 (4th Cir. 2005) (holding that a takings claim was unripe where plaintiff failed to pursue state administrative appeal); *Grandfather Village v. Worsley*, 111 N.C.App. 686, 689 (holding that defendant in superior court waived defenses to zoning violation "by failing to appeal to the [North Carolina] Board of Adjustment within the prescribed period").

Here, the Planning Director issued four determinations: one in 2005, one in 2006, one in 2007, and a "final determination" in 2008. The Town Board only approved the 2005

3

determination. In its memorandum, Plaintiff writes that it failed to appeal the 2005 determination because it did not believe there was a "final determination." (Pl. Mem. 6.) Given the undeveloped record before the Court, Plaintiff's claim is plausible. The procedure set-out in the Davidson APFO is not the exact procedure followed by the Planning Director. The Davidson APFO does not have a dual determination scheme[1]—final versus non-final—yet the Planning Director made a series of preliminary determinations, culminating in the 2008 "final determination" that ostensibly "supersedes any previous APFO determination." (Def. Notice of Removal 54.) The Court is however puzzled by the Plaintiff's failure to appeal the 2008 "final determination." But the incipient record does not present the Court with enough information about Davidson's APFO process to hold that Plaintiff failed to exhaust its administrative remedies.

II.    Timeliness of Plaintiff's Claims

    a. The Davidson APFO is not Clearly a Zoning Ordinance

Defendant argues that the Davidson APFO is a zoning ordinance and therefore Plaintiff was subject to and violated N.C.G.S. § 160A-364.1, which sets a two-month statute of limitations for challenging a zoning ordinance.[2] As the record stands, the Court cannot rule that the Davidson APFO is a zoning ordinance.

---

[1] The Davidson APFO does mandate that the Planning Director make preliminary findings and then issue a written determination.

[2] N.C.G.S. § 160A-364.1 reads as follows:

> A cause of action as to the validity of any zoning ordinance, or amendment thereto, adopted under this Article or other applicable law shall accrue upon adoption of the ordinance, or amendment thereto, and shall be brought within two months as provided in G.S. 1-54.1.

4

Defendant maintains that Davidson's unified development ordinance—and its constituent part, the Davidson APFO—is an exercise of power under N.C.G.S § 160A-381(a), which Defendant characterizes as "zoning enabling legislation." Section 160A-381(a) reads as follows:

> For the purpose of promoting health, safety, morals, or the general welfare of the community, any city may adopt *zoning and development regulation ordinances*. These ordinances may be adopted as part of a unified development ordinance or as a separate ordinance. A zoning ordinance may regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lots that may be occupied, the size of yards, courts and other open spaces, the density of population, the location and use of buildings, structures and land.

N.C.G.S § 160A-381(a) (emphasis added). The statute provides that a city may adopt "*zoning and development* regulation ordinances" and both classes of ordinances can be "part of a unified development ordinance." *Id*. It follows that § 160A-381(a) enables adoption of both zoning and development ordinances.[3] Indeed, N.C.G.S. § 160A-371, which is a subdivision regulation enabling statute, states that subdivision ordinances—a class of development ordinances—"may be adopted as part of a unified development ordinance." N.C.G.S. § 160A-371.

It is unclear whether the Davidson APFO is a development ordinance rather than a zoning ordinance. Although the Davidson APFO can be characterized as an attempt to regulate growth under § 160A-381(a), this is neither a necessary nor sufficient characteristic of a zoning ordinance. The Davidson APFO explicitly deals with development, and § 160A-381(a) provides that zoning and development ordinances do not always belong to the same class.

---

[3] Section § 160A-381(a) falls under Part 3 of Chapter 160A of the N.C.G.S. Part 3 is entitled "Zoning." The text of § 160A-381(a) belies a different scope than Part 3's heading, and the Court will abide by the text of the statute rather than a one-word heading.

Further, Plaintiff has challenged the ordinance as applied, and the Court doubts that § 160A-364.1 can preclude an as applied constitutional challenge.

Finally, for the purpose of arguing that the Davidson APFO is a zoning ordinance, Defendant asserts that APFOs are an exercise of power under N.C.G.S § 160A-381(a)—zoning ordinance enabling legislation. Yet Defendant also argues that "the Town of Davidson has statutory authorization for the [Davidson] APFO through N.C.G.S § 160A-371 *et seq.*"—subdivision ordinance enabling legislation. As noted above, § 160A-381(a) falls under "Part 3. Zoning," whereas § 160A-371 falls under "Part 2. Subdivision Regulation." The North Carolina legislator does not conflate zoning ordinances and subdivision ordinances; nor should the Defendant. [4]

### b. Plaintiff Did Not Waive Its Constitutional Claims

Defendant asserts that Plaintiff waived its constitutional claims because "they were not presented to the Board of Adjustment in a timely manner" and "issues and theories of a case not raised before the Board of Adjustment cannot be considered on appeal. (Def. Reply Mem. 7.) Plaintiff is not however before the Court on appeal: this is a civil action. Defendant's statement of law misses the mark, and the cases cited by Defendant were state court appeals. (*Id*. (citing *Westminster Homes, Inc. v. town of Cary Zoning Bd. of Adjustment*, 354 N.C. 289, 309 (2001); and *Weil v. Herring*, 207 N.C. 6, 10 (1934))).[5]

---

[4] In *Tonter Invs., Inc. v. Pasquotank County,* No. COA08-1057, 2009 N.C. App. LEXIS 1481 (September 1, 2009), which the Defendant attached to its Reply Memorandum, the court states that the "[a]mendments were both passed by defendant as zoning ordinances, not subdivision ordinances." *Id.* at *6. The implication is that an ordinance cannot be both a zoning and subdivision ordinance.
[5] The court recommends that both parties avoid string cites.

III.  Actual Case or Controversy

Defendant argues that "Plaintiff fails to allege an actual controversy that will support a declaratory judgment action"; and Plaintiff did not take "advantage of the statutory scheme in the zoning statute (G.S. §160A-388), which is expressly made available in APFO §18.5.8." (Def. Reply Mem. 8.)  Defendant is essentially rearticulating its argument that Plaintiff failed to exhaust its administrative remedies.  As explained above, by issuing a series of determinations, culminating in a final and superseding determination, the Planning Director's process seems to diverge from the Davidson APFO.  Plaintiff posted bonds pursuant to the Planning Directors first and second determination.  The Planning Director then made several additional determinations, the effects of which are unclear at this point.  Taking all inferences in favor of Plaintiff, Davidson's threat to call the bonds and its demands for funds might be pursuant to the subsequent determinations.  An actual case or controversy does indeed exist.

IV.  Estoppel

Defendant argues that Plaintiff should be estopped from challenging the Davidson APFO and the 2005 determination because Plaintiff accepted benefits under the Davidson APFO and acquiesced in the 2005 determination.  As written above, the process employed by the Planning Director seems to stray from the Davidson APFO.  The Court can reasonably infer that Plaintiff forwent its appeal and continued with development, waiting for subsequent, appealable determinations.

V.  Constitutionality of the APFO

    a. Statutory Authority for the APFO

Defendant asserts that "Plaintiff's arguments rise and fall with its contention that the Town of Davidson lacks statutory authority to enact the APFO." (Def. Reply Mem. 10.) Defendant argues that Davidson has this authority under N.C.G.S § 160A-371 *et seq.* and N.C.G.S. § 160A-381. The Court again directs Defendant to the case it attached to its reply brief as Exhibit C, *Tonter Invs., Inc. v. Pasquotank County,* No. COA08-1057, 2009 N.C. App. LEXIS 1481 (September 1, 2009). In that case, the court set itself to determine whether the ordinance in question was a zoning or subdivision ordinance; only then could the court determine which rules would apply when analyzing the validity of the ordinance. *Id.* at *9. Defendant maintains that the Davidson APFO is both a zoning and subdivision ordinance, but Defendant's Exhibit C compels the court to deny the motion to dismiss and develop the record until the provenance of the Davidson APFO can be resolved.

The Court notes that Defendant attached a case to its Reply as Exhibit A in order to support its position that APFOs are authorized by North Carolina Statute; that case has been reversed and remanded. In that case, *Union Land Owners Foundation v. The County of Union*, No. 06CVS2726 (N.C. Ct. App. Dec. 8, 2009), the appellate court reversed the grant of summary judgment for the defendant. The appellate court held that Union County acted in "excess of its statutory authority" by adopting an APFO that imposed school impact fees upon developers. *Id.* at *2, *12. By Defendant's own admission, *Union* is relevant to this matter, and applying *Union* to the facts before the Court, it is plausible that Davidson did not have the authority to pass its APFO.

    b. Equal Protection

8

A plaintiff's right to equal protection is violated if "it was treated differently than a similarly situated entity, and the disparate treatment was not rationally related to a legitimate governmental interest." *Browning-Ferris Industries of South Atlantic, Inc. v. Wake County*, 905 F. Supp. 312, 322 (E.D.N.C. 1995). Plaintiff alleges that Defendant "has applied the APFO in an inconsistent and arbitrary manner and not in accordance with its express terms." (Pl. Resp. Mem. 20.) For example, the Davidson APFO provides that there should be one LESU per 400 dwelling units. The Planning Director, however, is requiring Plaintiff to fund one LESU per 200 dwellings. Because Defendant is not abiding by the terms of its own APFO, the Plaintiff might have received disparate treatment. As for whether Defendant's actions were rationally related to a legitimate government interest, (1) if the Davidson APFO is indeed *ultra vires*, its application cannot be a legitimate government interest; and (2) Defendant's overt failure to abide by the terms of its own ordinance cannot be considered a legitimate government interest.

    c. Due Process and Taking

Plaintiff's due process claim is plausible on its face. Due process is violated when the government acts *ultra vires*. *Miller Bros. Co. v. State of Md.*, 347 U.S. 340, 342 (1954). As discussed above, Defendant might have lacked statutory authority to adopt and enforce the APFO; thus, it is plausible that Defendant's request for bonds and the alleged delays in Plaintiff's development have effected a taking without due process of law.

**CONCLUSION**

Defendant's Motion to Dismiss is hereby DENIED.

9

Signed: January 20, 2010

*Graham C. Mullen*

Graham C. Mullen
United States District Judge